UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EVIN GALIK, | ) | CV F 03 5205 REC WMW HC |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS RE |
| Petitioner, | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| v. | ) | |
| | ) | |
| CHERYL PLILER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On July 2, 2003, Respondent filed an answer to the petition. Petitioner did not file a traverse to the answer. In his answer, in addition to addressing Petitioner's claims on the merits, Respondent argued that the petition contains both exhausted and unexhausted claims and must therefore be dismissed.

On January 27, 2005, the court entered findings and recommendations recommending that this petition for writ of habeas corpus be dismissed as being a mixed petition containing both exhausted and unexhausted claims. On July 18, 2005, Petitioner filed a motion requesting that

1

1  the court dismiss his unexhausted claims.  On September 7, 2005, the court entered an order
2  vacating its findings and recommendations and granting Petitioner's motion to withdraw his
3  unexhausted claims.  The court ordered that this case would go forward on claims 1 and 4 only,
4  Petitioner's exhausted claims.

## PROCEDURAL HISTORY

6  Following a jury trial in Kings County Superior Court, Petitioner was convicted of
7  murder, Penal Code Section 187,subd.(a).  The special circumstance was found that the murder
8  was committed while Petitioner was engaged in the commission or attempted commission of the
9  crime of lewd or lascivious acts on a child under the age of 14 within the meaning of section
10 190.2, subd.(a)(17)(E).  Petitioner was acquitted on another charge of kidnapping.  After a
11 separate penalty phase, the jury set the penalty at life without the possibility of parole.

12 Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate
13 District ("the Court of Appeal").  The Court of Appeal affirmed the judgment in an unpublished
14 decision entered April 25, 2000, in case number F029543.

15 On January 5, 2001, Petitioner filed a petition for writ of habeas corpus with the Kings
16 County Superior Court.  After an evidentiary hearing, the Superior Court denied the petition in a
17 reasoned opinion on January 8, 2002.  On March 5, 2002, Petitioner filed a petition for writ of
18 habeas corpus in the California Supreme Court.  The court denied the petition on September 11,
19 2002.

20 Petitioner filed the present petition in this court on February 14, 2003.  Respondent filed
21 an answer on July 2, 2003.  As explained above, this case proceeds on only the first and fourth
22 claims for relief.

## FACTUAL BACKGROUND

24 The Court finds the Court of Appeal correctly summarized the facts in its April 25, 2000
25 opinion.  Thus, the Court adopts the factual recitations set forth by the California Court of
26 Appeal, Fifth Appellate District.
27 //
28 //

**STANDARD OF REVIEW**

A. <u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on February 14, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

B. <u>STANDARD OF REVIEW</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an

1  unreasonable determination of the facts in light of the evidence presented in the State Court
2  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003)
3  (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir.
4  2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue
5  the writ simply because that court concludes in its independent judgment that the relevant state-
6  court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at
7  1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id.
8  (citations omitted).

9       While habeas corpus relief is an important instrument to assure that individuals are
10 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392
11 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a
12 criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
13 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's
14 factual determinations must be presumed correct, and the federal court must accept all factual
15 findings made by the state court unless the petitioner can rebut "the presumption of correctness
16 by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115
17 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,
18 110 F.3d 1380, 1388 (9th Cir. 1997).

19      A petitioner who is in state custody and wishes to collaterally challenge his conviction by
20 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. §
21 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state
22 court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v.
23 Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509,
24 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

25      A petitioner can satisfy the exhaustion requirement by providing the highest state court
26 with a full and fair opportunity to consider each claim before presenting it to the federal court.
27 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
28 829 (9th Cir. 1996). Where the California Supreme Court's opinion is summary in nature,

however, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

## DISCUSSION

<u>Ineffective Assistance of Counsel re Failure to Seek to Exclude Petitioner's 1980 Conviction</u>

  Petitioner contends that he was denied effective assistance of counsel in regard to trial counsel's handling of the prosecution's introduction of evidence concerning his 1980 burglary conviction. Petitioner states that trial counsel objected to the introduction of this evidence at the pretrial hearing, but did not object on the ground that he had just received the motion from the prosecution, in violation of California's thirty-day notice requirement. Petitioner further claims that trial counsel unnecessarily opened the door to Petitioner's prior conviction, thus resulting in the jury being presented with evidence of Petitioner's prior burglary.

  The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

(9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

In this case, Petitioner presented his ineffective assistance of counsel claim regarding the admission of his prior burglary conviction in his habeas corpus petitions filed with the Kings County Superior Court and California Supreme Court. That court provided the last reasoned opinion on the issue, as the California Supreme Court denied Petitioner's petition without comment. The Superior Court held as follows:

> The petitioner complains that his counsel was deficient in allowing the jury to become aware of the facts surrounding his 1980 conviction for firearms theft. He had originally moved to exclude that evidence because of a possible sexual overtone that the

> facts presented, and the court had tentatively ruled it would be excluded unless the defense raised issues making it relevant. Mr. Rothbaum testified that he had planned from the very beginning to put the defendant on to testify, and he explained that much of his defense strategy was based on convincing the jury that his client was perhaps a drug using loser, but not a calculated killer capable of molesting and murdering the little girl who regularly played with his own children. That strategy and intent to offer his client as a witness motivated counsel to conclude during the trial that he had to present character evidence through a friendly witness. Counsel had been advised by the court that this would invite the prosecution to develop the facts underlying the 1980 conviction, and it did, but based upon the testimony at the evidentiary hearing in these proceedings, and upon the court's observations at trial, it is clear that counsel's decision to open this area, while a dangerous gamble that arguably backfired, was nonetheless a conscious decision supported by plausible strategy considerations, and a call that was well within the parameters of reasonable advocacy.

Ex. A to Petitioner's Memorandum in Support of Petition, 5-6.

A difference in opinion as to trial tactics does not constitute denial of effective assistance, United States v. Mayo, 646 F.2d 369, 375 (9th Cir.), *cert. denied sub. nom., Dondich v. United States,* 454 U.S. 1127 (1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied,* 469 U.S. 838 (1984). After examining the record and in light of the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, this court must agree with the Superior Court that Petitioner cannot establish the first prong under Strickland. The court concludes, therefore, that Petitioner has not carried his burden under 28 U.S.C. § 2254(d) of showing that the Superior Court's adjudication of this ineffective assistance claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Accordingly, the court finds that Petitioner's claim provides no basis for habeas corpus relief.

<u>Ineffective Assistance of Counsel re Juror A-35's Notice to Court</u>

Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to pursue the issue of reconvening the jury after one juror communicated to the court that she had changed her mind regarding the verdict. In denying this claim in Petitioner's first habeas corpus petition, the Superior Court, which again provided the last reasoned opinion, ruled as follows:

The petitioner's challenge to his trial counsel's handling of the second thoughts expressed by one of the jurors after the verdicts were recorded is of no moment whatsoever. The court had polled the jury and the clerk had recorded the verdicts and the court was moving on to a discussion of the penalty phase trial when this issue came up. The court made it clear to that juror and to the parties that the guilt phase of the trial was ended and the verdicts would not be set aside. This was mandated by Penal Code Sections 1163 and 1164, and consistent with People v. Bento (1998) 65 Cal.App.4th 179 at 191. Counsel did nothing to change this result simply because there was nothing he could do. The court's ruling was clear, unambiguous and in accordance with the law.

After reviewing Petitioner's arguments, the court finds that Petitioner has not shown that the trial court erred in ruling on whether deliberations could be reopened in the guilt phase of his trial. Although Petitioner concentrates his argument on the fact that the jury had not yet been discharged, he provides no citation to a case with an analogous factual situation. That is, one in which a verdict had been entered in the guilt phase of a trial, the jury had yet to consider the penalty phase of the trial, a juror had second thoughts regarding guilt, and the court allowed the guilt phase to be reopened. People v. Turner, 50 Cal.3d 668 (1990) is distinguishable in that no verdict had been entered as to the charge in question. The court concludes, therefore, that Petitioner has not carried his burden under 28 U.S.C. § 2254(d) of showing that the Superior Court's adjudication of this ineffective assistance claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Accordingly, the court finds that Petitioner's claim provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served

8

1  and filed within ten (10) court days (plus three days if served by mail) after service of the

2  objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

3  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

4  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

5  1991).

6  IT IS SO ORDERED.

7  **Dated:   March 21, 2006**              /s/  **William M. Wunderlich**
   mmkd34                           UNITED STATES MAGISTRATE JUDGE